UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNIONS 181, 320 AND TVA HEALTH AND WELFARE TRUST FUND,
MICHAEL CRABTREE, CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,
TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 181 JOINT APPRENTICESHIP AND TRAINING FUND,

Plaintiffs,

v.

ALM ENTERPRISES, LLC,

Defendant.

No. 4:22-cv-00064-SEB-KMB

**ORDER GRANTING IN PART, DENYING IN PART VERIFIED MOTION TO ENFORCE JUDGMENT BY PROCEEDINGS SUPPLEMENTAL TO EXECUTION**

Presently pending before the Court is the Plaintiffs' Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution. [Dkt. 20.] The Judgment Defendant has not responded to the Motion, and the time to do so has passed. As explained below, the Plaintiffs' Motion is **GRANTED IN PART**, and **DENIED IN PART**.

## I. RELEVANT BACKGROUND

Trustees of the International Union of Operating Engineers, Local Unions 181, 320 and TVA Health and Welfare Trust Fund ("Plaintiffs") brought this action against ALM Enterprises, LLC ("Judgment Defendant") to recover delinquent contributions under the Employee Retirement Income Security Act of 1974 ("ERISA").

On October 18, 2023, the Court granted Plaintiffs' Motion for Default Judgment, awarded Plaintiffs a total amount of $119,090.89, and entered Final Judgment. [Dkts. 18, 19.]

On November 21, 2023, Plaintiffs filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution. [Dkt. 20.] The Motion states that the Judgment Defendant has made some payments since entry of the judgment, but substantial payments remain unpaid; that Plaintiffs have no cause to believe that levy of execution against the Judgment Defendant will satisfy the judgment in full or in part; that Plaintiffs believe that the Judgment Defendant has account(s) with First National Bank of Carmi ("Garnishee Defendant"); and that a writ of execution will satisfy the judgment in full or in part. [*Id.* at ¶¶ 2-4.]

In the Motion, the Plaintiffs request the following relief: (1) that the Judgment Defendant, by its registered agent Aimee Martin, be ordered to appear in person before the Court to answer as to its income, assets, profits, and other non-exempt property subject to execution and proceedings supplemental to execution; (2) that the Judgment Defendant be ordered to answer discovery propounded by the Plaintiffs; (3) that the Judgment Defendant be ordered to apply its non-exempt property subject to proceedings supplemental toward satisfaction of Plaintiffs' judgment; (4) that the Garnishee Defendant be ordered to appear before the Court to answer as to its indebtedness to the Judgment Defendant, or, in the alternative, to answer interrogatories propounded by the Plaintiffs; and (5) that the Garnishee Defendant be ordered to place a hold on its depository account(s) of the Judgment Defendant pursuant to Ind. Code § 28-9-3-4, until further Order of this Court. [*Id.* at ¶¶ 6-7.]

## II. LEGAL STANDARD

"Proceedings supplementary to execution are remedial actions authorized by statute. They enable creditors to enforce money judgments against non-paying debtors." *Garner v. Kempf*,

93 N.E.3d 1091, 1095 (Ind. 2018) (internal citation omitted). Under Fed. R. Civ. P. 69, "proceedings supplementary to and in aid of judgment or execution" of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Furthermore, the judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

As this case is pending in the United States District Court for the Southern District of Indiana, Indiana Trial Rule 69(E) governs any proceedings supplemental to aid in enforcement. Indiana Trial Rule 69(E) provides:

> (E) **Proceedings Supplemental to Execution**. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:
>
> (1) that the plaintiff owns the described judgment against the defendant;
>
> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>
> (3) that the defendant be ordered to appear before the court to answer as to his nonexempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,
>
> (4) if any person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.
>
> If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both.
>
> The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the

> motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental.

Ind. R. Trial P. 69(E).

"A court's sole objective in conducting proceedings supplemental is 'determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.'" *Garner*, 93 N.E.3d at 1095 (quoting *Prime Mortgage USA, Inc.*, 885 N.E.2d 628, 668 (Ind. Ct. App. 2008)).

## III. DISCUSSION

The Plaintiffs ask that the Judgment Defendant, by its registered agent Aimee Martin, be ordered to appear for an in-person hearing to answer as to its income, assets, profits, and other non-exempt property subject to execution and proceedings supplemental to execution. This request is **GRANTED**. The Plaintiffs, by counsel, and the Judgment Defendant, by counsel by its registered agent Aimee Martin, **SHALL APPEAR** for an in-person hearing at the following time and location:

**Wednesday, February 28, 2024, at 3:00 p.m.**
**United States Courthouse, Room 243**
**46 E. Ohio Street, Indianapolis, IN 46202**

The Plaintiffs ask that the Judgment Defendant be ordered to answer discovery propounded by the Plaintiffs. The rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery. *See* Fed. R. Civ. P. 69(a)(2); Ind. R. Trial. P. 69(E).

Accordingly, the Plaintiffs' request is **GRANTED to the extent** that the Judgment Defendant is **ORDERED** to answer the Plaintiffs' discovery requests consistent with the usual methods of discovery as set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

The Plaintiffs request that the Judgment Defendant be ordered to apply its non-exempt property subject to proceedings supplemental toward satisfaction of Plaintiffs' judgment. This request is premature at this time and is **DENIED without prejudice**. The Plaintiffs may renew this request following the in-person hearing scheduled for February 28, 2024.

The Plaintiffs request that the Garnishee Defendant be ordered to appear before the Court to answer as to its indebtedness to Judgment Defendant, or, in the alternative, to answer interrogatories propounded by the Plaintiffs. This request is **GRANTED to the extent** that the Garnishee Defendant is **ORDERED** to answer interrogatories propounded by the Plaintiffs consistent with the Federal Rules of Civil Procedure and this Court's Local Rules. The Court does not order the Garnishee Defendant to appear for the in-person hearing on February 28, 2024.

The Plaintiffs request that the Garnishee Defendant be ordered to place a hold on its depository account(s) of the Judgment Defendant pursuant to Ind. Code § 28-9-3-4, until further Order of this Court. This request is **GRANTED**. The Garnishee Defendant, First National Bank of Carmi, is **ORDERED** to place a hold on its depository account(s) of the Judgment Defendant, ALM Enterprises, LLC, pursuant to Ind. Code § 28-9-3-4, until further Order of this Court.

## IV. CONCLUSION

The Plaintiffs' Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution, [Dkt. 20], is **GRANTED IN PART**, and **DENIED IN PART** as outlined above.

This matter is set for an in-person hearing on **Wednesday February 28, 2024, at 3:00 p.m.** at the United States Courthouse, Room 243, 46 E. Ohio St., Indianapolis, IN, 46204.

The Plaintiffs shall appear by counsel. The Judgment Defendant shall appear by counsel and by its registered agent, Aimee Martin. The Garnishee Defendant is not required to attend the in-person hearing but must answer the Plaintiffs' interrogatories consistent with the Federal Rules of Civil Procedure and this Court's Local Rules.

The Plaintiffs are **ORDERED** to serve a copy of this Order, their Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution [Dkt. 20], the Final Default Judgment [Dkt. 19], the Order Granting Motion for Default Judgment [Dkt. 18], and the Complaint [Dkt. 1], on the Judgment Defendant and the Garnishee Defendant **within 7 days of the issuance of this Order**.

The **CLERK SHALL** add "First National Bank of Carmi" as an Interested Party on the Docket.

Counsel for the Judgment Defendant and the Garnishee Defendant shall enter a Notice of Appearance of Counsel in this action **within 7 days of receiving service of this Order**.

**SO ORDERED**.

Date: 12/29/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sawyer Christian Lehman
LEDBETTER PARISI LLC
slehman@fringebenefitlaw.com

Paul E. Stoehr
Ledbetter Partners LLC
pstoehr@fringebenefitlaw.com